UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ROCKY MARCIANO SHROYER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-cv-00206-RLM-SLC |
| | ) | |
| **C DANIEL, Sgt., individually, jointly** | ) | |
| **and severally, and in his individual and** | ) | |
| **official capacity,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Defendants' Agreed Motion for Stipulated Protective Order (DE 40) seeking approval of a proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order is inadequate in two ways, the motion will be DENIED without prejudice.

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

Here, Paragraph 12 of the proposed order states that the Court shall retain jurisdiction after the termination of this action to enforce the provisions of, and resolve any disputes arising out of, the protective order. The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's*

*Home Care Serv., Inc.*, No. 3:07-cv-601, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

In addition, the Seventh Circuit Court of Appeals has stated that a protective order must "make[] explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The proposed order, however, does not contain this language.

Therefore, the Court DENIES without prejudice Defendants' Agreed Motion for Stipulated Protective Order (DE 40). The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 31st day of August 2015.

S/ Susan Collins
Susan Collins,
United States Magistrate Judge
